The document below is hereby signed.

Signed: February 23, 2013



_S. Martin Teel Jr._

S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| CLARENCE LUSANE, | ) | Case No. 11-00889 |
| | ) | (Chapter 7) |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| ARC CONSTRUCTION SERVICES, INC., | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Adversary Proceeding No. |
| v. | ) | 12-10022 |
| | ) | |
| CLARENCE LUSANE, | ) | **Not for Publication in** |
| | ) | **West's Bankruptcy Reporter** |
| Defendant. | ) | |

MEMORANDUM DECISION RE DEBTOR'S MOTION
FOR JUDGMENT ON THE PLEADINGS OR FOR SUMMARY JUDGMENT

On May 14, 2012, Arc Construction Services, Inc. commenced

the above-captioned adversary proceeding by the filing of a

complaint objecting to the debtor's discharge under 11 U.S.C.

§ 727.  Arc filed a motion for summary judgment, which the court

has denied because, even if Arc's complaint was timely, its

motion raises issues of intent not appropriate for resolution on

summary judgment.  The debtor, in turn, has filed a motion for

judgment on the pleadings or for summary judgment contending that

the complaint ought to be dismissed as untimely.  The deadline

for filing a complaint objecting to discharge under Rule 4004(a)

was March 5, 2012, and in accordance with a memorandum decision

and order of this same date, the court has determined that the

deadline for filing such complaints was not extended by orders

entered in the debtor's main bankruptcy case.  Accordingly, the

court finds that Arc's complaint is untimely under Rule 4004(a).[1]

Arc contends, however, that even if the § 727(a) complaint

is untimely under Rule 4004(a), Arc is entitled to relief under

§ 727(d), the Code provision governing revocation of discharge.

Arc notes that the debtor was entitled to a discharge after the

March 5, 2012 deadline for filing complaints objecting to

---

[1]  Citing to the Supreme Court case of *Kontrick v. Ryan*, 540
U.S. 443 (2004), Arc argues that because the Rule 4004 deadline
for filing a complaint objecting to discharge is not
jurisdictional, the court can overlook the untimeliness of Arc's
complaint on equitable grounds.  *Kontrick* is easily
distinguishable from this case because the debtor in *Kontrick*
failed to raise timeliness as a defense until after the complaint
had been litigated on the merits in favor of the creditor.  The
court reasoned that because Rule 4004(a) is not jurisdictional,
the debtor could waive the Rule 4004 defense by not raising it in
a timely fashion.  Here, by contrast, the debtor promptly
asserted untimeliness as a defense in his answer to the
complaint, and he moved for judgment on the pleadings on that
basis.  Even if Rule 4004 is not jurisdictional, it *does*
establish a filing deadline that is akin to a statute of
limitations, *see Disch v. Rasmussen*, 417 F.3d 769 (7th Cir.
2005).  The debtor here timely invoked the deadline established
by Rule 4004(a) and thereby raised a valid defense to the
complaint.

discharge expired, and the debtor is now in the so-called gap

period: the period after the deadline for objecting to discharge

has expired, but before the court engages in the ministerial act

of entering the discharge.  The gap period has, historically,

created a dilemma because a strict adherence to the language of

§ 727(d)(1) would prevent creditors from seeking revocation of a

debtor's discharge based upon fraud or misconduct occurring after

the bar date has passed, but before the court enters the

discharge.  *See In re Perrotta*, 406 B.R. 1 (Bankr. D.N.H. 2009).

Rule 4004, however, was amended in 2011 to address the

dilemma posed by the gap period, and Rule 4004(b)(2) now provides

that:

> A motion to extend the time to object to discharge may
> be filed after the time for objection has expired and
> before discharge is granted if (A) the objection is
> based on facts that, if learned after the discharge,
> would provide a basis for revocation under § 727(d) of
> the Code, and (B) the movant did not have knowledge of
> those facts in time to permit an objection.  The motion
> shall be filed promptly after the movant discovers the
> facts on which the objection is based.

The April 26, 2011 Supreme Court order adopting the 2011 Rule

amendments provides that the amendments "shall take effect on

December 1, 2011, and shall govern in all proceedings in

bankruptcy cases thereafter commenced and, insofar as just and

practicable, all proceedings then pending."  Although the

debtor's bankruptcy case was filed on November 25, 2011, prior to

the effective date of the amendments, the court finds that it is

3

"just and practicable" to apply Rule 4004(b)(2) to the debtor's

case, which was already pending when the new Rule took effect.[2]

Arc has not filed a motion under Rule 4004(b)(2), and the

debtor has thus not had an opportunity to challenge whether

"cause" exists to extend the time to object to discharge under

Rule 4004(b)(2).  *See In re Berger*, 2012 WL 2254324, at *3

(Bankr. D.N.D. June 15, 2012) (distinguishing between the

allegations necessary to support a claim for denial of discharge

and what must be alleged to show "cause" to grant an extension

under Rule 4004(b)(2)); *In re Chatkhan*, 455 B.R. 365, 368 (Bankr.

E.D.N.Y. 2011).  For example, "[c]ause for an extension does not

exist when a creditor, who has notice of the bankruptcy case and

filing deadlines, fails to diligently pursue discovery prior to

expiration of those deadlines."  *In re Berger*, 2012 WL 2254324,

---

[2]   If the court were to treat Rule 4004(b)(2) as
inapplicable, case law pre-dating the 2011 amendments would
nevertheless support permitting Arc to proceed under § 727(d)
during the gap period. *See, e.g., In re Emery*, 132 F.3d 892 (2d
Cir. 1998) (permitting a § 727(d) complaint during the gap period
because Congress could not have intended to grant a period of
immunity for debtors).  Whether the court applies Rule 4004(b)(2)
to permit a post-bar-date extension or looks instead to pre-
amendment case law, the fact remains that there is a legal basis
for permitting Arc to attempt to show that, after the expiration
of the deadline for filing a § 727(a) complaint Arc learned facts
that would support a revocation of the debtor's discharge under
§ 727(d)(1).  The Rules now provide a mechanism for avoiding the
dilemma of the gap period, making it unnecessary and arguably
improper for the court to exercise its equitable powers to
disregard the plain meaning of § 727(d)(1), which, on its face,
applies only to cases in which the discharge has, in fact, been
entered.

at *4.   Questions relating to Arc's diligence and whether cause

exists to permit an extension under Rule 4004(b)(2) are threshold

issues that must be addressed before the court can reach the

merits of the anticipated amended complaint.

The court will permit Arc to file a proposed amended

complaint to deny the debtor a discharge, accompanied by a motion

to extend the deadline under Rule 4004(b)(2) to file such a

complaint.  Although seeking a denial of discharge, because it is

being filed after the expiration of the Rule 4004(a) deadline,

the amended complaint can only be maintained to the extent it "is

based on facts that, if learned after the discharge, would

provide a basis for revocation under § 727(d) of the Code, and

(B) [Arc] did not have knowledge of those facts in time to permit

an objection."[3]

It is thus

ORDERED that the debtor's motion for judgment on the

pleadings and for summary judgment is GRANTED and the complaint

is dismissed as untimely under Fed. R. Bankr. P. 4004, but this

does not dismiss this adversary proceeding in light of the court

granting the plaintiff leave below to pursue filing an amended

---

[3]     The court expresses no view at this juncture of whether
establishing that a "discharge was obtained through the fraud of
the debtor" within the meaning of § 727(d)(1) requires something
more than must be shown when pursuing a timely filed complaint
for denial of discharge brought under § 727(a).  *See In re
Guadarrama*, 284 B.R. 463 (C.D. Cal. 2002).

complaint.  It is further

ORDERED that dismissal of the complaint is without prejudice
to the filing of an amended complaint, in accordance with this
memorandum decision, by **March 11, 2013**.  It is further

ORDERED that any such amended complaint shall be accompanied
by a motion to extend the time to object to discharge under Rule
4004(b)(2), and if no amended complaint and motion to extend time
is filed by March 11, 2013, the court will enter a judgment
dismissing this adversary proceeding.  It is further

ORDERED that the deadline for filing a response to the
motion to extend time under Rule 4004(b)(2) is **March 25, 2013**,
and any reply shall be filed by **April 1, 2013**.  It is further

ORDERED that the court will hold a hearing to address the
motion to extend time under Rule 4004(b)(2) **on April 15, 2013, at
9:30 a.m.** and the trial currently set for that date shall be
continued to a future date, yet to be determined.  It is further

ORDERED that the court will treat the April 15, 2013 hearing
also as a pretrial conference to address any new issues,
evidentiary or otherwise, that may have arisen following the
original pretrial conference held on February 13, 2013, or as a
scheduling conference if cause exists to permit additional
discovery.  Although the parties are free to file amended
pretrial statements, the court will not require the filing of
amended pretrial statements until the court sets a deadline at

the hearing on April 15, 2013.  It is further

ORDERED that the deadline for Arc to file an answer to the

amended complaint or a responsive pleading is stayed pending the

court's ruling on the anticipated motion to extend the deadline

under Rule 4004(b)(2).

[Signed and dated above.]

Copies to: All counsel of record; Office of United States
Trustee.

H:\Common\TracLMK\LED\OPINIONS\ARC Construction v. Luzane\Mem Dec and Order_Debtor's motion for summary judgment_untimely complaint_Arc Construction v Luzane_v4.wpd