# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re: | ) | Case No.1:11-bk-889 |
| | ) | |
| **CLARENCE LUSANE** | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |
| **ARC CONSTRUCTION SERVICES, INC** | ) | |
| | ) | |
| | ) | Adv. Number 12-10022 |
| v. | ) | |
| | ) | |
| **CLARENCE LUSANE,** | ) | |
|     Defendant. | ) | |

### MOTION AND NOTICE OF MOTION TO APPROVE SETTLMENT

COMES NOW, the Debtor/Defendant, Clarence Lusane, by counsel, and Creditor/Plaintiff, Arc Construction Services, Inc. ("Arc"), by counsel, and request that this Court approve the settlement of the above-captioned adversary proceeding, and as grounds therefore state the following:

1. On May 14, 2012, Arc filed a Complaint objecting to Clarence Lusane's discharge under 11 USC §727. An Amended Complaint was filed on May 3, 2013.

2. The Debtor and the Creditor agree that bona fide disputes and controversies exist between Creditor and Debtor as to the allegations in the Complaint in the Adversary Proceeding. Because of said disputes and controversies, and to save the Debtor and the Creditor the costs, expenses and uncertainties of further litigation, they have agreed to fully and finally resolve and settle the Adversary Proceeding.

3. Pursuant to the settlement, Debtor consents to entry of a judgment determining $70,000 of Lusane's debt to Arc is nondischargeable pursuant to 11 USC

§523(a)(2)(b), pursuant to a written settlement agreement attached as Exhibit 1, said amount to be paid in accordance with the terms of the Settlement Agreement dated September 16, 2013 between the parties, and Lusane waives any claim or defense under the statute of limitations or otherwise as to the timeliness of Arc's §523 claim against him.

4. Because the Complaint includes counts under 11 U.S.C. § 727, under Bankr. R. 7041, the settlement (the "Settlement") and dismissal of the § 727 claims requires notice to the Chapter 7 Trustee, the U.S. Trustee, and such other persons as the Court may direct, and an order of court approving the Settlement is required.

5. The Debtor and Creditor, and their counsel, have carefully reviewed the facts of the Complaint, Debtor's defenses (including with respect to the untimeliness of the Complaint), and the potential for success in the Adversary Proceeding. Based upon that, the Debtor and Creditor believe that, in the exercise of their judgment, the Settlement is in their joint best interests.

6. The settlement agreement provides "the parties will submit a joint motion to approve the settlement to the Court and a notice to the creditors that the Adversary Proceeding will be dismissed with prejudice if no creditor or party-in-interest takes the claim over from ARC. This Agreement will be binding between ARC and Lusane regardless of whether another creditor or party-in-interest elects to pursue the Adversary Proceeding or not.  The dismissal of the Adversary Proceeding will be deferred until the period for the creditors and parties-in-interest to substitute themselves as plaintiffs passes and no one elects to pursue the Adversary Proceeding. In the event a creditor or party-in-interest elects to pursue the Adversary Proceeding this Settlement will not result in the dismissal of the Adversary Proceeding."

WHEREFORE, the parties respectfully request that this Honorable Court enter an order determining the debt of Arc Construction Services Inc. in the amount of $70,000 including interest, costs and legal fees as set forth in the Settlement Agreement dated September 13, 2013 to be non-dischargeable without prejudice to the amount claimed in its proof of claim or right to be paid from the Estate on the total amount claimed less any payments made by Lusane pursuant to the Settlement Agreement and, unless any other creditor or party in interest moves to substitute itself as Plaintiff in the adversary proceeding prior to the deadline for objections to this Motion, to dismiss this adversary proceeding with prejudice.

## NOTICE OF OPPORTUNITY TO OBJECT

PLEASE TAKE NOTICE THAT WITHIN TWENTY-ONE (21) DAYS AFTER THE DATE OF THIS NOTICE you must file and serve a written objection to the above motion, together with the proposed order required by Local Bankruptcy Rule 9072-1. The objection and proposed order must be filed with the Clerk of the Bankruptcy Court, U.S. Courthouse, 3rd and Constitution Ave., N.W., Washington, D.C. 20001, and served (by delivery or mailing of a copy) upon the undersigned. The objection must contain a complete specification of the factual and legal grounds upon which it is based. You may append affidavits and documents in support of your objection.

IF YOU FAIL TO FILE A TIMELY OBJECTION, THE MOTION MAY BE GRANTED BY THE COURT WITHOUT A HEARING.

The Court may grant the Motion without a hearing if the objection filed states inadequate grounds for denial.

Dated:  September 24, 2013.

        Respectfully submitted,

        GREENE LAW FIRM PLLC

        By:  */s/ Nancy D. Greene*_____
        Nancy D. Greene, DC Bar # 452298
        3977 Chain Bridge Rd, Suite 1
        Fairfax, VA 22030
        (703) 539-0333
        (703) 935-4294
        ndg@ndglaw.com
        Counsel for Arc Construction Services Inc.


        CHUNG & PRESS, P.C.


        By:    */s/ Daniel M. Press*_____
        Daniel M. Press, DC Bar # 419739
        6718 Whittier Avenue, Suite 200
        McLean, VA 22101
        703-734-3800
        dpress@chung-press.com


**CERIFICATE OF SERVICE**

    This is to certify that on this 24th day of September, 2013, I caused the foregoing document to be served by first class mail, postage prepaid, or by CM/ECF, on the Chapter 7 Trustee, the U.S. Trustee, and Daniel Press, Esquire.


        */s/ Nancy D. Greene*_____
        Nancy D. Greene